# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### WACO DIVISION

| | |
|---|---|
| RPB Safety, LLC, | COMPLAINT FOR DAMAGES AND |
| *Plaintiff*, | INJUNCTIVE RELIEF |
| vs. | |
| Tru-Vision Plastics, Inc. | Jury Trial Demanded. |
| *Defendant*. | |

## PLAINTIFF RPB SAFETY, LLC'S ORIGINAL COMPLAINT

Plaintiff RPB Safety, LLC ("RPB" or "Plaintiff"), by and through its undersigned counsel, as and for its Complaint against Defendant Tru-Vision Plastics, Inc. ("Tru-Vision" or "Defendant"), hereby alleges as follows:

### NATURE OF THE CASE

1.      This is an action for: (I) federal trademark infringement under 15 U.S.C. § 1125(a); (II) federal trademark dilution under 15 U.S.C. § 1125(c); (III) federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (IV) trademark dilution under TEX. BUS. & COM. CODE § 16.103; (V) trademark infringement under Texas common law; (VI) unfair competition under Texas common law; (VII) misappropriation under Texas common law; and (VIII) unjust enrichment.

2.      This action is based on Tru-Vision's willful, knowing, persistent, and unauthorized use of RPB's trademarks in connection with Tru-Vision's sale and advertisement of its imitation, knock-off product.

## THE PARTIES

3.     Plaintiff RPB is a limited liability company organized and existing under the laws of the State of Michigan with its principal place of business at 2807 Samoset Rd, Royal Oak, MI 48073.

4.     Upon information and belief, Defendant Tru-Vision is a corporation organized and existing under the laws of the State of Texas, with its principle place of business at 401 W. Blue Bell Rd, Brenham, TX 77833. Tru-Vision may be served with process by services upon its registered agent, Ted Dean, 401 West Blue Bell Rd., Brenham, Texas 77833

## JURISDICTION AND VENUE

5.     The claims for federal trademark infringement, trademark dilution, and unfair competition and false designation of origin (Counts I-III), arise under the Trademark Act of 1946 (as amended), namely 15 U.S.C. § 1051 *et seq.* Therefore, this Court has subject matter and original jurisdiction over Counts I-III pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338(a).

6.     The claim for trademark dilution asserted in Count IV *infra*, arises under the Texas Business and Commerce Code, namely, TEX. BUS. & COM. CODE § 16.103, and is so related to the federal claims asserted in Counts I-III *infra*, that they form part of the same case or controversy. Therefore, this Court has subject matter jurisdiction over Count IV pursuant to 28 U.S.C. § 1367(a).

7.     The claims for common law trademark and trade dress infringement, unfair competition, and unjust enrichment in Counts V-VIII *infra*, arise under the common law of the State of Texas, and are so related to the federal claims asserted in Counts I-III *infra*, that they form part of the same case or controversy. Therefore, this Court has subject matter jurisdiction over Counts V- VIII pursuant to 28 U.S.C. § 1338(b) and 1367(a).

8.      In the alternative, this Court has subject matter and original jurisdiction over all Counts asserted herein, pursuant to 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between RPB and Tru-Vision, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      This Court has personal jurisdiction over Tru-Vision because Tru-Vision is subject to the general jurisdiction of Texas as it is located within the State of Texas and has its principal place of business within the State of Texas.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because the claims alleged in the Complaint arose in this District, Tru-Vision's principal place of business exists in this District, and because this Court has personal jurisdiction over Tru-Vision in this District.

## FACTUAL BACKGROUND

11.     Starting in the 1970's, RPB was created to revolutionize protective equipment, specifically industrial respirators and other safety shields.

12.     RPB offers a variety of products including the NOVA3, NOVA 2000, and the Astro (collectively referred to as the "RPB products"). These products are specifically tailored for certain conditions, and RPB has expended substantial time, energy, and resources in the design, development, and marketing of these products.

13.     The NOVA3 product offers one-click lens replacement, a revolutionary weightless design to distribute weight evenly across the head and shoulders, an advanced helmet lighting system, and an in-helmet communication system to wirelessly connect with others. The NOVA3 also features a tear-off lens, a cassette tear-off lens, and an outer and an inner lens.

14.     The NOVA 2000 product is a respirator designed specifically for blasting. It features an in-helmet communication system, and best in class hearing protection. The Nova 2000 features a tear-off lens, an outer and an inner lens.

15.     The Astro product is an economical, lightweight blaster featuring best-in-class cape attachment, the industry benchmark design for the replaceable cape cover band. The Astro also features a tear-off lens, and an outer and an inner lens.

16.     Aside from the substantial time developing these products, RPB has also spent time and resources in securing its intellectual property rights in these products. RPB has been successful in securing registrations for RPB, NOVA3, NOVA, and NOVA1, among other trademarks.

17.     Based on continuous use in commerce of the mark since at least December 2, 2002, RPB acquired a federal registration for the trademark 'RPB' on February 10, 2009 for "respirators for non-medical use." (*See* Reg. No. 3572344; *see also* Exhibit 1). Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.

18.     Based on continuous use in commerce of the mark since at least January 4, 2002, RPB acquired a federal registration for the trademark NOVA3 on April 10, 2012 for "respirators for non-medical use." (*See* Reg. No. 4125740; *see also* Exhibit 2). Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.

19.     Based on continuous use in commerce of the mark since at least July 1999, RPB acquired a federal registration for the trademark 'NOVA' on September 16, 2014 for "respirators for non-medical use." (*See* Reg. No. 4604242; *see also* Exhibit 3).

20.     Based on continuous use in commerce of the mark since at least May 2016, RPB acquired a federal registration for the trademark 'NOVA1' on Sep. 27, 2016 for "respirators for non-medical use." (*See* Reg. No. 5051329; *see also* Exhibit 4).

21.     Through continuous and extensive use in commerce, RPB has also established common law trademark rights in its 'Astro' mark for use in respirators for non-medical use.

22.     In late 2018, RPB became aware of a company offering replacement parts for the RPB Products and using the RPB trademarks prominently in its advertisements. The company, Tru-Vision, is a Texas company and is not affiliated with, sponsored, by, or related to RPB in any manner.

23.     Tru-Vision offers replacement products for consumers in the retail merchandising, safety and abrasive blasting industries. A sample Tru-Vision brochure is included as Exhibit 5, which is also available at <http://www.tru-vision.com/wp-content/uploads/2012/02/Safety-Abrasive-Blasting-Catalog-2018.pdf>. As shown in Exhibit 5, Tru-Vision offers its products to similar consumers as RPB and in the same channels of trade as RPB, as RPB also markets its products in the safety and abrasive blasting industries.

24.     Tru-Vision offers replacements for RPB Products without any prior agreement or authorization from RPB to offer these products. Yet, Tru-Vision prominently features the name RPB and the product names NOVA 2000, NOVA3, and Astro in its brochure.

25.     These products, while advertised in the brochure prominently as RPB Products do not undergo the same quality standards that RPB uses in manufacturing their products. Specifically, RPB's products as a whole are National Institute for Occupational Safety and Health

("NIOSH") certified, whereas the products offered by Tru-Vision are aftermarket parts that lack this certification.

26.     Because of this advertising, consumers will believe that these aftermarket parts have the same structural and functional integrity as an original RPB part. However, because Tru-Vision manufactures these products without authorization or certification, RPB has no way to test the quality of these products and consumers could be falsely induced to thinking that these products are comparable.

27.     Specifically, illustrated below for the NOVA3, Tru-Vision's brochure offers RPB NOVA3 Replacement Tear-Off lens, Replacement Outer Lens, Replacement Inner Lens and Replacement Cassette Tear-Off lens



28.    For the NOVA 2000, as illustrated in the below excerpt from Tru-Vision's brochure, Tru-Vision offers for sale, RPB NOVA 2000 Replacement Tear-Off lens, Replacement Outer Lens, and Replacement Inner Lens.



29.    With respect to the Astro, Tru-Vision offers for sale, RPB Astro Replacement Tear-Off Lens, Replacement Outer Lens, and Replacement Inner Lens, as shown in the below excerpt from Tru-Vision's brochure.



30.     At the bottom of each of these pages features a small and inconspicuous disclaimer which states "All products are compatible with the referenced products, but respirators using such "compatible" products are not approved by the National Institute for Occupational Safety and Health (NIOSH) nor associated with or approved by RPB® Safety, LLC." An illustrative example showing a page in Tru-Vision's brochure with the relevant sections highlighted is shown below.



31.    This disclaimer is obscure and inconspicuously placed in the bottom of the page in small font. This is to obfuscate the fact that Tru-Vision has no affiliation with RPB and is not licensed by RPB to sell aftermarket RPB Products.

32.    Upon information and belief a consumer reading this advertisement would not notice the disclaimer or appreciate the information contained in this disclaimer. Thus, consumers are likely to associate Tru-Vision and RPB.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

33.     RPB repeats and re-alleges the foregoing paragraphs of the Complaint as though set forth fully herein.

34.     Tru-Vision's use in commerce of the RPB's federally registered marks "RPB", "NOVA", and "NOVA3" to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' products, without RPB's consent, is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Tru-Vision is RPB, or is a licensee, authorized distributor, or affiliate of RPB, or that Tru-Vision, its activities, and/or their products, are authorized, endorsed, sponsored, or approved by RPB, or vice versa.

35.     Tru-Vision's disclaimer is obscure and inconspicuous and does not rectify consumer confusion with regards to Tru-Vision's advertisements.

36.     Upon information and belief, Tru-Vision has made, and will continued to make, profits and gain from its unauthorized use of the RPB trademark to which it is not entitled in law or equity.

37.     Upon information and belief, the acts of Tru-Vision alleged in the foregoing paragraphs are intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to RPB.

38.     Upon information and belief, Tru-Vision's acts and conduct complained of herein constitute federal trademark infringement in violation of 15 U.S.C. § 1125(a).

39.     RPB has suffered, and will continue to suffer, irreparable harm from Tru-Vision's unauthorized use of RPB's trademarks unless restrained by law.

40.     As a direct and proximate result of Tru-Vision's infringing and unlawful acts, RPB has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

41.     RPB repeats and re-alleges the foregoing paragraphs of the Complaint as though set forth fully herein.

42.     RPB has acquired notoriety in the industrial respiratory industry as consumers associate RPB, and its associated trademarks, with providing high quality respiratory systems.

43.     Tru-Vision's insufficient disclaimer at the bottom of its brochure is obscure and inconspicuous, and does not accomplish the function for which it was created, and upon information and belief was designed to cause this belief.

44.     Upon information and belief, Tru-Vision's widespread sale of knock-off replacement parts of RPB falsely induces consumers into believing, mistakenly, that these products are NIOSH certified, necessary for the safety of the user of a RPB Product.

45.     Tru-Vision's acts and conduct as described herein are likely to cause confusion, cause mistake, and/or deceive the public into mistakenly believing that RPB is somehow connected to or associated with Tru-Vision. Such acts constitute unfair competition, at least because Tru-Vision has obtained an unfair advantage through its use of RPB's trademarks to falsely designate the origin, affiliation or sponsorship of Tru-Vision.

46.     Upon information and belief, the acts of Tru-Vision alleged in the foregoing paragraphs are intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to RPB.

47.     Upon information and belief, Tru-Vision's acts and conduct complained of herein constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

48.     RPB has suffered, and will continue to suffer, irreparable harm from Tru-Vision's unauthorized use of the RPB trademark unless restrained by law.

49.     As a direct and proximate result of Tru-Vision's infringing and unlawful acts, RPB has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

## COUNT III
## FEDERAL TRADE DILUTION UNDER 15 U.S.C. § 1125(a)

50.     RPB repeats and re-alleges the foregoing paragraphs of the Complaint as though set forth fully herein.

51.     RPB's trademarks are largely recognized in the industrial respiratory industry as the leading producers of high quality industrial respiratory systems.

52.     Tru-Vision prominently features the RPB name in its brochure to advertise the sale of its products, while featuring a small disclaimer showing that Tru-Vision has no affiliation with RPB at the bottom of the page.

53.     Tru-Vision's use of RPB's trademarks without authorization from RPB is likely to dilute the distinctive quality of RPB's trademarks, and to decrease the capacity of that mark to identify and distinguish RPB's products, and is likely to cause harm to RPB's business reputation

54.     Upon information and belief, the acts of Tru-Vision alleged in the foregoing paragraphs are intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to RPB.

55.     Upon information and belief, Tru-Vision's acts and conduct complained of herein constitute federal trademark dilution in violation of 15 U.S.C. § 1125(a).

56.     RPB has suffered, and will continue to suffer, irreparable harm from Tru-Vision's unauthorized use of RPB's trademarks unless restrained by law.

57.     As a direct and proximate result of Tru-Vision's infringing and unlawful acts, RPB has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

### COUNT IV
### TRADEMARK DILUTION UNDER TEX. BUS & COM. CODE § 16.103

58.     RPB repeats and re-alleges the foregoing paragraphs of the Complaint as though set forth fully herein.

59.     RPB uses the trademarks RPB, NOVA3, NOVA 2000, and Astro in connection with its industrial respirators and related components. Collectively these trademarks are referred to as "RPB Product Trademarks".

60.     Through prominent, long, and continuous use in commerce, including commerce within the State of Texas, these product names have acquired meaning in this industry, as they have become known as the leaders in the industrial respirator market and these product names are featured prominently in these industries.

61.     Tru-Vision's use of the RPB Product Trademarks is without authorization from RPB, and is likely to dilute the distinctive quality of the trademarks, and to decrease the capacity of that mark to identify and distinguish RPB's products, and is likely to cause harm to RPB's business reputation.

62.     Upon information and belief, the acts of Tru-Vision alleged in the foregoing paragraphs are intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to RPB. Evidence of the bad faith is apparent by the blatant use of the product names in large text and the overall small disclaimer in comparison to the prominent use of the names in this count.

63.     The aforesaid acts of Tru-Vision constitute trademark dilution in violation of the Texas Anti-Dilution Statute, TEX. BUS. & COM. CODE § 16.103.

64.     Unless enjoined by this Court, the acts of Tru-Vision complained of herein will cause RPB to suffer irreparable harm for which there is no adequate remedy at law.

65.     As a direct and proximate result of Tru-Vision's infringing and unlawful acts, RPB has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial. RPB is entitled to injunctive relief, and RPB is also entitled to recover at least Tru-Vision's profits, actual damages, enhanced profits and damages, and reasonable attorney fees at least. TEX. BUS. & COM. CODE § 16.104.

**COUNT V**
**TRADEMARK INFRINGEMENT UNDER TEXAS COMMON LAW**

66.     RPB repeats and re-alleges the foregoing paragraphs of the Complaint as though set forth fully herein.

67.     RPB has obtained a trademarks through use of RPB NOVA3, NOVA2000, and Astro in connection with its Industrial Respirators as set forth above.

68.     Tru-Vision's use in commerce of the RPB Product Trademarks to advertise, market, promote, distribute, offer for sale, and/or sell Tru-Vision's products, without RPB's consent, is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Tru-Vision is RPB, or are licensees, authorized distributors, or affiliates of RPB, or that Tru-Vision, their activities, and/or their products, are authorized, endorsed, sponsored, or approved by RPB, or vice versa.

69.     Tru-Vision's disclaimer is obscure and inconspicuous and does not rectify consumer confusion with regards to Tru-Vision's advertisements.

70.     Upon information and belief, Tru-Vision' used, and presently uses, the RPB product name trademark in the State of Texas, without RPB's authorization in furtherance of its willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and recognition RPB has established in the RPB Product Trademarks.

71.     Upon information and belief, Tru-Vision has made, and will continued to make, profits and gain from its unauthorized use of the RPB Product Trademarks to which it is not entitled in law or equity.

72.     Upon information and belief, the acts of Tru-Vision alleged in the foregoing paragraphs are intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to RPB. Evidence of the bad faith is apparent by the blatant use of the product names in large text and the overall small disclaimer in comparison to the prominent use of the names in this count.

73.     Upon information and belief, Tru-Vision's acts and conduct complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

74.     RPB has suffered, and will continue to suffer, irreparable harm from Tru-Vision's unauthorized use of the RPB trademark unless restrained by law.

75.     As a direct and proximate result of Tru-Vision's infringing and unlawful acts, RPB has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT VI
## UNFAIR COMPETITION UNDER TEXAS COMMON LAW

76.     RPB repeats and re-alleges the foregoing paragraphs of the Complaint as though set forth fully herein.

77.     RPB has acquired notoriety in the industrial respiratory industry as consumers associate RPB with providing high quality respiratory systems.

78.     Tru-Vision's disclaimer at the bottom of the page is obscure and inconspicuous and does not accomplish the function for which it was created and upon information and belief was designed to cause this belief.

79.     RPB created the trademark and product names through extensive time, labor, effort, skill and money.

80.     RPB's use of the product names predates any alleged use by Tru-Vision in the United States or in the State of Texas in connection with industrial respiratory systems.

81.     Tru-Vision's use in commerce of the RPB Product Trademarks to advertise, market, promote, distribute, offer for sale and/or sell Tru-Vision's product constitutes a false and misleading representation of fact because Tru-Vision is not affiliated or associated with, endorsed or sponsored by, or otherwise connected to RPB. Tru-Vision's use in commerce of the RPB product trademark to advertise, promote, distribute, offer for sale, and/or sell Tru-Vision's Product is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Tru-Vision is a licensee, authorized distributor, or an affiliate of RPB, or that Tru-Vision, their activities, and/or their products are authorized, endorsed, sponsored, or approved by RPB, or vice versa.

82.     Upon information and belief, the acts of Tru-Vision alleged in the foregoing paragraphs are intentional, willful, with bad faith scheme to trade upon the extensive consumer goodwill and recognition RPB has established and sow consumer confusion between the parties' and their products.

83.     Upon information and belief, Tru-Vision has made, and will continue to make, substantial profits and gains from its unauthorized use of the RPB Product Trademarks to which it is not entitled in law or equity.

84.     Upon information and belief, Tru-Vision's misappropriation of the RPB Product Trademarks have been intentional, in bad faith, willful and malicious. Evidence of the bad faith is apparent by the blatant use of the product names in large text and the overall small disclaimer in comparison to the prominent use of the names in this count.

85.     Upon information and belief, Tru-Vision's acts and conduct complained of herein constitute unfair competition in violation of the common law of the State of Texas.

86.     As a direct and proximate result of Tru-Vision's infringing and unlawful acts, RPB has suffered and will continue to suffer damages in an amount that is not presently ascertainably, but will be established at trial.

## COUNT VII
## MISAPPROPRIATION UNDER TEXAS COMMON LAW

87.     RPB repeats and re-alleges the foregoing paragraphs of the Complaint as though set forth fully herein.

88.     RPB has acquired notoriety in the industrial respiratory industry as consumers associate RPB with providing high quality respiratory systems. Specifically, the RPB product names have become notorious in the industry as the providers of high quality industrial respirators.

89.     Tru-Vision's disclaimer at the bottom of the page is obscure and inconspicuous and does not accomplish the function for which it was created and upon information and belief was designed to cause this confusion.

90.     RPB created the RPB Product Trademarks and product names through extensive time, labor, effort, skill and money.

91.     RPB's use of the product names predates any alleged use by Tru-Vision in the United States or in the State of Texas in connection with industrial respiratory systems.

92.     Tru-Vision has wrongfully used the RPB Product Trademarks in competition and gained an unfair advantage, because Tru-Vision was not burdened with the expenses incurred by RPB, including expenses related to compliance with industry standards.

93.     Tru-Vision has commercially damaged RPB, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the

false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with RPB, and taking away sales that RPB would have made.

94.     Upon information and belief, the acts of Tru-Vision alleged in the foregoing paragraphs are intentional, willful, with bad faith scheme to trade upon the extensive consumer goodwill and recognition RPB has established and sow consumer confusion between the parties' and their products. Evidence of the bad faith is apparent by the blatant use of the product names in large text and the overall small disclaimer in comparison to the prominent use of the names in this count.

95.     Upon information and belief, Tru-Vision's misappropriation of the RPB Product Trademarks have been intentional, in bad faith, willful and malicious.

96.     Upon information and belief, Tru-Vision's acts and conduct complained of herein constitute misappropriation in violation of the common law of the State of Texas.

97.     Unless enjoined by this Court, the acts of Tru-Vision complained of herein will cause RPB to suffer irreparable harm for which there is no adequate remedy at law.

98.     As a direct and proximate result of Tru-Vision's infringing and unlawful acts, RPB has suffered and will continue to suffer damages in an amount that is not presently ascertainably, but will be established at trial.

## COUNT VIII
## UNJUST ENRICHMENT

99.     RPB repeats and re-alleges the foregoing paragraphs of the Complaint as though set forth fully herein.

100.    RPB has acquired notoriety in the industrial respiratory industry as consumers associate RPB with providing high quality respiratory systems. Specifically, the RPB Product Trademarks have become notorious in the industry as the source of high quality industrial respirators.

101.    Tru-Vision's disclaimer at the bottom of the page is obscure and inconspicuous and does not accomplish the function for which it was created and upon information and belief was designed to cause this belief.

102.    RPB created the RPB Product Trademarks and product names through extensive time, labor, effort, skill and money.

103.    Tru-Vision's advertisement, promotion, offers for sale, sales, and/or distribution of the inferior products, in direct competition with RPB, constitute unjust enrichment, at least because Tru-Vision has wrongfully obtained benefits at RPB' s expense. Tru-Vision has also, *inter alia*, operated with an undue advantage.

104.    Tru-Vision has wrongfully used and is wrongfully using the RPB Product Trademarks in competition with RPB, and have gained and are gaining a wrongful benefit by undue advantage through such use. Tru-Vision has not been burdened with the expenses incurred by RPB, yet Tru-Vision is obtaining the resulting benefits for its own business and products.

105.    Upon information and belief, Tru-Vision's unjust enrichment at RPB's expense has been intentional, willful, and malicious. Evidence of the bad faith is apparent by the blatant use of the product names in large text and the overall small disclaimer in comparison to the prominent use of the names in this count.

106.    Upon information and belief, Tru-Vision's acts and conduct complained of herein constitute unjust enrichment.

107.    Unless enjoined by this Court, the acts of Tru-Vision complained of herein will cause RPB to suffer irreparable harm for which there is no adequate remedy at law.

108.    As a direct and proximate result of Tru-Vision's infringing and unlawful acts, RPB has suffered and will continued to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## PRAYER FOR RELIEF

Wherefore, based on the foregoing, RPB prays for judgment against Tru-Vision as follows:

a.    A declaration that Tru-Vision has infringed on RPB's trademarks.

b.    An Order preliminarily and permanently enjoining and restraining Tru-Vision, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from manufacturing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, and/or selling any product that (i) associates a mark that infringes RPB trademarks and/or (ii) that Tru-Vision markets as compatible for use with any RPB product.

c.    An Order permanently enjoining and restraining Tru-Vision, their subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from engaging in any act of unfair competition and trademark dilution utilizing any mark or designation identical or confusingly similar to RPB's trademarks.

d.    An order directing Tru-Vision to remove the RPB trademarks, or any imitation thereof, from all Tru-Vision's products, as well as any other websites or promotional materials, whether electronic, printed or otherwise, under Tru-Vision's direct or indirect dominion and control.

e.       An Order directing Tru-Vision to remove all reference from all of Tru-Vision's products and advertisements that such product is compatible for use with any RPB product.

f.       An Order directing Tru-Vision, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on RPB's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Tru-Vision has complied with the injunction.

g.       An Order directing an accounting to determine Tru-Vision's profits resulting from its unlawful activities.

h.       An order awarding RPB compensation for any and all damages, injury or harm pursuant to 15 U.S.C. § 1117 and Texas law.

i.       An order directing Tru-Vision to pay, jointly and severally, full restitution and/or disgorgement of all profits and benefits that may have been obtained by Tru-Vision as a result of its wrongful conduct pursuant to 15 U.S.C. § 1117.

j.       An Order awarding RPB treble damages resulting from Tru-Vision's willful and intentional conduct pursuant to 15 U.S.C. § 1117 and under Texas law.

k.       An Order awarding RPB punitive and exemplary damages as permitted by Texas law.

l.       An Order awarding RPB pre-judgment interest.

m.       An Order awarding RPB its reasonable costs and attorney's fees pursuant to Texas law.

n.       An Order awarding RPB any further relief this Court shall deem just and equitable.

## JURY DEMAND

Pursuant to Rules 38(b) and 38(c) of the Federal Rules of Civil Procedure, RPB requests a trial by jury for all issues so triable.

Dated: December 14, 2018

DICKINSON WRIGHT PLLC

_/s/       /Ross Spencer Garsson/_

Ross Spencer Garsson
Texas State Bar No. 00784112
DICKINSON WRIGHT PLLC
303 Colorado Street, Suite 2050
Austin, Texas 78701
Telephone: 512-770-4222
Facsimile: 844-670-6009
E-Mail: rgarsson@dickinsonwright.com

Franklin M. Smith
*Pro Hac Vice* to be submitted
Michigan Bar No:  P76987
2600 W. Big Beaver Rd., Suite 300
Troy, Michigan 48084
Telephone: 248-433-7200
Fascicle: 844-670-6009
E-Mail: fsmith@dickinsonwright.com

*Attorneys for Plaintiff RPB Safety, LLC*

BLOOMFIELD 73770-23 2249473v4